**The PEOPLE of the State of Colorado, Complainant,**

v.

**Armando C de BACA, Attorney–Respondent.**

**No. 87SA287.**

Supreme Court of Colorado, En Banc.

Oct. 21, 1987.

George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Michael L. Bender, Denver, for attorney-respondent.

QUINN, Chief Justice.

Armando C de Baca, you appear before this court to be publicly censured for your unprofessional conduct. You were admitted to the bar of this court in 1973, and as a registered attorney are subject to the jurisdiction of this court and its Grievance Committee. You and the Deputy Disciplinary Prosecutor executed a stipulation in which you freely and knowingly waived your right to a formal hearing before the Grievance Committee and agreed that a public censure was the appropriate form of discipline for your misconduct. The Grievance Committee approved the stipulation of facts and the stipulated form of discipline, and we do also at this time.

The stipulated facts giving rise to this proceeding are as follows. You represented Catherine Teresa Martinez in an action for the dissolution of her marriage. This proceeding resulted in a 1982 decree which provided that Mrs. Martinez could remain in the family residence and that upon sale of the house the net proceeds were to be distributed equally between her and Mr. Martinez. Mrs. Martinez once worked for you, and trusting you to handle the sale of her home, she gave you a power of attorney for that specific purpose. In March 1984 Mrs. Martinez entered into an oral agreement with her sister and brother-in-law for the sale of the house for $10,000 and, in addition, their assumption of the existing mortgage. The prospective purchasers gave you $10,000, which you deposited in your regular non-interest-bearing trust account and, at Mrs. Martinez's request, made three disbursements to her totalling $6,078.76. You did not complete the sale of the home because, in your view, you never agreed to do so in the course of your representation of Mrs. Martinez. The stipulation between you and the Deputy Disciplinary Prosecutor recites that the evidence does not clearly and convincingly establish that you assumed such responsibility.

In October 1984 Mr. Martinez petitioned the district court for an accounting concerning the sale of the house, and the matter was heard on January 2, 1985. During the hearing the court learned for the first time of the pending sale and the $10,000 deposit in your trust account. You advised the court that the details of the sale had not been completed and incorrectly represented that the $10,000 was in an interest-bearing account. The court ordered you to provide Mr. Martinez's attorney with all documents concerning the sale of the house. It was not until a subsequent hearing in May 1985 that you advised the court of the non-interest-bearing nature of your trust account. Furthermore, you failed to disclose to the court the previous disburse-

ments made to Mrs. Martinez, and failed to comply with the court's prior order that you furnish Mr. Martinez's attorney with all documents concerning the house sale.

At subsequent hearings the district court ordered the sale of the house and further awarded $1,125 in attorney fees to the attorney for Mr. Martinez as a result of Mrs. Martinez's failure to cooperate in the house sale and her failure to provide documentation relating to the prospective house sale. This order was finally reduced to judgment. When served with a writ of garnishment, you paid the attorney fees and costs from the Martinez trust account. Although the court ordered that the balance of the $10,000 be placed in the registry of court, you did not do so but instead, with the approval of Mr. Martinez's attorney, disbursed the balance of these funds to Mr. Martinez. On September 6, 1985, the court entered a joint and several judgment against you and Mrs. Martinez for further attorney fees and for Mr. Martinez's distributive share of the $10,000, with the interest thereon to be paid by you. These obligations have been satisfied.

You and the Deputy Disciplinary Prosecutor have stipulated that your conduct in this case constitutes grounds for discipline because it violates the following provisions of the Colorado Rules of Civil Procedure and the Colorado Code of Professional Responsibility: C.R.C.P. 241.6 (act violating the Code of Professional Responsibility); DR 1–102(A)(1) (violation of a disciplinary rule); DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (conduct prejudicial to the administration of justice); DR 6–101(A)(3) (neglect of a legal matter entrusted to you); and DR 7–102(A)(3) (concealing or knowingly failing to disclose that which you are required by law to reveal). We agree with this stipulation and conclude that, at the very least, your professional misconduct warrants a public censure.

You have received several letters of admonition on prior occasions, and your actions in this case involved a series of unprofessional acts over an extended period of time. For example, you failed to place the $10,000 downpayment in an interest-bearing account to the detriment of your client and then wrongfully disbursed monies to your client and failed to inform the court of that fact. In addition, you misrepresented to the court that the $10,000 was in an interest-bearing account when it was not, and you failed to produce any documentation of prior disbursements from that account as ordered by the court. Finally, by your own neglect, you caused attorney fees to be assessed against your client and paid part of those fees out of funds held in trust for her.

Armando C de Baca, we publicly censure you for your misconduct. This public censure will remain on file with this court and will be considered by the court in connection with any further violation of the Code of Professional Responsibility. You are ordered to pay the costs of these proceedings in the amount of $44.67 within thirty days of this date by tendering that sum to the Supreme Court Grievance Committee, 600 Seventeenth Street, 510–S Dominion Plaza, Denver, Colorado, 80202.