### The PEOPLE of the State of Colorado, Complainant,

v.

### Armando C de BACA, Attorney–Respondent.

### No. 93SA57.

Supreme Court of Colorado, En Banc.

Nov. 15, 1993.

---

**1.** The respondent was admitted to the bar of this court on October 2, 1973, is registered as an attorney upon this court's official records, and

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Michael V. Makaroff, Englewood, for respondent.

## PER CURIAM.

A hearing board in this attorney discipline case recommended that the respondent[1] be suspended from the practice of law for ninety days, be required to petition for reinstatement, and be assessed costs. A hearing panel of the Supreme Court Grievance Committee approved the board's findings and recommendation. The respondent has not excepted to the panel's action, except for the requirement that he petition for reinstatement. We accept the panel's recommendation.

### I

Based upon the testimony of the witnesses, including that of the respondent himself, and after considering the exhibits introduced into evidence, the hearing board concluded that the following facts had been established by clear and convincing evidence.

On May 6, 1990, Mary Espinoza was injured when a Denver police car, driven by a reserve officer, collided with the car in which she was a passenger. Espinoza and her daughter met with the respondent at his office on May 19, 1990, and discussed the accident and the extent of Espinoza's injuries. The respondent told Espinoza that he took cases on a contingent fee basis.

Espinoza thought that the respondent would be sending a notice of claim to the City and County of Denver, as required by section 24–10–109, 10A C.R.S. (1988). Although the respondent did not open a file on Espinoza, he visited police headquarters in an attempt to secure a copy of the accident report, and also sought a copy of the report from the Department of Motor Vehicles.

is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

Espinoza and her husband met with the respondent on July 21, 1990. She believed that she had reached the $2,500 threshold or would soon do so, and she brought with her various doctors' bills for the respondent to review. Espinoza understood from the meeting that the respondent would soon "send a letter" notifying the City and County of Denver of her claim.

The respondent did not provide written notice of Espinoza's injury as required by section 24–10–109. Espinoza reached the respondent by telephone in December 1990 when he was in the process of moving his office. He explained to her that he had no file and no papers with respect to her case and would have to talk to her when his office had been moved. Espinoza told the respondent that she had been seeing a doctor with whom the respondent was familiar for treatment. The respondent told Espinoza that he would request a medical opinion so that he could proceed with her case. On January 3, 1991, the respondent wrote to the doctor, requesting a copy of a medical report regarding the degree of Espinoza's disability and stating that Espinoza would soon furnish authorization to release the report to the respondent.

Espinoza subsequently retained another lawyer to pursue her claim against the City and County of Denver. Beginning in mid-March 1991, the new lawyer attempted to obtain Espinoza's file from the respondent. The respondent testified, however, that because he had no file on Espinoza, there was nothing to send to Espinoza's new lawyer.

When the new lawyer eventually notified the City and County of Denver of Espinoza's claim, the claim was denied because no notice of claim had been sent within the required 180–day period, which the hearing board found expired on November 2, 1990.

The evidence before the board conflicted on whether there was an attorney-client relationship between the respondent and Espinoza. The respondent asserted that he did not agree to represent Espinoza at the time of the initial meeting and that he told her and her husband in July 1990 that he would not handle her case because he had been unable to locate the accident report and because of the difficulty in proving her injury.

Espinoza and her daughter testified, however, that they believed that the respondent had agreed to represent Espinoza on a contingent fee basis. The hearing board resolved the issue against the respondent, finding that Espinoza, her husband, and her daughter reasonably believed that the respondent had agreed to represent Espinoza, and that an attorney-client relationship existed between the respondent and Espinoza. *See People v. Bennett*, 810 P.2d 661, 664 (Colo.1991). The respondent has not contested the hearing board's resolution of the issue.

As the board determined, the respondent's conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).[2] The board also concluded that Espinoza was harmed by the respondent's inaction because she lost the right to assert a claim for damages against the City and County of Denver.

## II

The respondent has not excepted to the hearing board's finding of facts or to the board's and panel's recommendations of a ninety-day suspension. The respondent has objected to the requirement approved by the majority of the board, and by the hearing panel, that he must petition for reinstatement under C.R.C.P. 241.22(b)–(d).

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, a public censure is ordinarily warranted "when a lawyer is negli-

---

**2.** The board also found that it had not been established that the respondent's conduct violated DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means), or DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship), as charged in the formal complaint. The assistant disciplinary counsel does not challenge these findings here.

gent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *Id.* at 4.43.

There are substantial factors in aggravation, however, the most serious of which is the respondent's extensive prior disciplinary history. *Id.* at 9.22(a). The respondent was sent a letter of admonition in 1979 for neglect and failure to return documents to his clients. He was admonished in 1980 for neglect, and again admonished in 1981 for neglect and for the intentional failure to act. He was admonished in 1983 for neglect, and publicly censured in 1987 for neglect and for wrongful disbursement of funds to a client, *People v. C de Baca,* 744 P.2d 512 (Colo.1987). In 1990, the respondent was once more admonished for neglect, and in 1991 he was privately censured for engaging in conduct prejudicial to the administration of justice. The respondent also has substantial experience in the practice of law. ABA *Standards* 9.22(i).

The respondent's disciplinary history compels a departure from ABA *Standards* 4.43, even when the relevant mitigating factors are taken into account: (1) the absence of a dishonest or selfish motive, *id.* at 9.32(b); (2) a cooperative attitude toward the proceedings, *id.* at 9.32(e); and (3) evidence of good character or reputation, *id.* at 9.32(g). The respondent advised the board that he had retired from the practice of law and that he was registered as inactive. The respondent now informs us that he is no longer inactive and that he has resumed the practice of law.

Although the respondent apparently concedes that a ninety-day suspension is appropriate, he objects to the additional condition that he be required to petition for reinstatement under C.R.C.P. 241.22(b)–(d). C.R.C.P. 241.22(b) provides in part:

**(b) Reinstatement After Suspension.** *Unless otherwise provided by the Supreme Court in its order of suspension,* a lawyer who has been suspended for a period of one year or less shall be reinstated by order of the Supreme Court, provided the lawyer files with the Com-

mittee Counsel within 30 days prior to the expiration of the period of suspension an affidavit stating that the lawyer has fully complied with the order of suspension and with all applicable provisions of this Chapter.... A lawyer reinstated pursuant to this section shall not be required to show proof of rehabilitation.

A lawyer who has been suspended for a period longer than one year must petition the Supreme Court for reinstatement and must prove by clear and convincing evidence that the lawyer has been rehabilitated, has complied with all applicable disciplinary orders and with all provisions of this Chapter, and is fit to practice law.

(Emphasis added.) C.R.C.P. 241.22(c) sets forth requirements for the contents of the petition for reinstatement, and C.R.C.P. 241.22(d) refers to the proceedings for reinstatement.

When appropriate, we have required disciplined lawyers to petition for reinstatement even though their period of suspension did not exceed one year. *See, e.g., People v. Smith,* 830 P.2d 1003 (Colo.1992); *People v. Williams,* 824 P.2d 813 (Colo. 1992); *People v. Mayer,* 744 P.2d 509 (Colo. 1987); *People v. Southern,* 638 P.2d 787 (Colo.1982). In the present case, the extraordinary number of previous matters in which the respondent has been cited for neglect convinces us that the respondent should be required to demonstrate that he has been rehabilitated. Accordingly, we accept the hearing panel's recommendation.

### III

It is hereby ordered that Armando C de Baca be suspended from the practice of law for ninety days, effective thirty days after the issuance of this opinion. C.R.C.P. 241.-21(a). It is further ordered that the respondent shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d). It is further ordered that the respondent pay the costs of this proceeding in the amount of $1,752.49 within 60 days after the announcement of this opinion to the Supreme Court Grievance Committee, 600

Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.

SCOTT, J., does not participate.

---

1. The respondent was admitted to the bar of this court on December 3, 1973, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).