**The PEOPLE of the State of Colorado, Complainant,**

v.

**Robert Melvin HOHERTZ, Attorney–Respondent.**

**No. 95SA194.**

Supreme Court of Colorado, En Banc.

June 30, 1995.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Michael D. Gross, Colorado Springs, for attorney-respondent.

PER CURIAM.

This lawyer discipline proceeding comes to us on a stipulation, agreement, and conditional admission of misconduct between the respondent and the assistant disciplinary counsel. C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and recommended that the respondent be suspended from the practice of law for three months, with reinstatement contingent on the satisfaction of certain requirements, including that the respondent undergo reinstatement proceedings pursuant to C.R.C.P. 241.22(b)–(d), and that he pay costs. We accept the stipulation and the inquiry panel's recommendation.

I

The respondent was admitted to the practice of law in Colorado in 1984. The parties stipulated to the following facts and ethical violations.

A

In July 1993, a couple retained the respondent to prepare two wills on their behalf, and paid him $300. The respondent never prepared the wills, and did not reply to the couple's inquiries until after a request for investigation was filed. Shortly thereafter, the respondent called his clients, and stated that the wills were completed and would be mailed immediately. In fact, he had not prepared the wills, and the clients were forced to hire another lawyer to prepare the wills. The respondent did eventually refund $350 to the clients.

The respondent has admitted that the foregoing conduct violated R.P.C. 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client and shall not neglect a legal matter entrusted to that lawyer); R.P.C. 1.16(d) (failure to refund unearned retainer in timely manner); and R.P.C. 8.4(c) (engage in conduct involving dishonesty, fraud, deceit or misrepresentation). In addition, because the respondent did not file a response to the request for investigation filed in this matter, he violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline).

B

The respondent met with another client in May 1992 regarding two child support matters. After telling the client that he would proceed on both matters, she paid him a $700 retainer. Nevertheless, the respondent took no action on either matter, did not inform the client that he had done nothing, and failed to respond to her reasonable requests for information. When the client filed a request for investigation, the respondent refunded the $700 retainer, plus an extra $50. As the respondent stipulated, his conduct violated DR 6–101(A)(3) and R.P.C. 1.3 (a lawyer shall not neglect a legal matter entrusted to the lawyer), as well as R.P.C. 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information). In addition, he again violated C.R.C.P. 241.6(7) by not responding to the request for investigation filed in the second matter.

During the course of the proceedings in the first matter, the respondent failed to comply with the complainant's discovery requests and an order to compel, and a default was entered against him. Moreover, because the respondent did not answer the formal complaint filed in the second matter, another default was entered against him.

## II

The inquiry panel approved the stipulation, agreement, and conditional admission of misconduct, including the recommendation that the respondent be suspended for three months, be required to undergo reinstatement proceedings, and satisfy additional conditions. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992), and in the absence of aggravating or mitigating circumstances, suspension is generally appropriate when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. In aggravation, the respondent has already received four letters of admonition, two for neglect of client matters, and one for failing to render an appropriate accounting. *Id.* at 9.22(a) (prior discipline is an aggravating factor); *id.* at 9.22(d) (a pattern of misconduct is an aggravating factor).

In mitigation, the assistant disciplinary counsel has stipulated that the respondent did not have a selfish motive while committing the misconduct, *id.* at 9.32(b), was experiencing personal or emotional problems, *id.* at 9.32(c), and has exhibited remorse, *id.* at 9.32(*l*). In addition, the respondent's treating physician indicates that the respondent is affected by a mental disability, specifically severe depression and adult attention deficit hyperactivity disorder. *See id.* at 9.32(i) (setting out circumstances under which a mental disability should be considered a factor in mitigation). It is the physician's opinion that the disorders caused the foregoing misconduct, that the respondent's condition is treatable, but will require long term treatment prior to termination of therapy or medication.

The seriousness of the respondent's misconduct, together with the previous four admonitions, suggest a three-month suspension is somewhat lenient. *See, e.g., People v. Archuleta,* No. 95SA189, —— P.2d —— (Colo. June 30, 1995). We nevertheless conclude that the recommended discipline is adequate given the requirements for reinstatement, and additional conditions following reinstatement.

First, the respondent must demonstrate by clear and convincing evidence that he has been rehabilitated and is once again fit to practice law in order to be reinstated. *See* C.R.C.P. 241.22(b). *See People v. C de Baca,* 862 P.2d 273, 275 (Colo.1993) (neglect of client matter warrants ninety-day suspension with requirement of reinstatement proceedings where lawyer had extensive prior disciplinary history). The respondent has also agreed to additional requirements, including demonstrating that there are no medical or psychological bases that actually impair his abilities to fulfill his responsibilities as a lawyer, and to the monitoring of his psychiatric and emotional adjustment to the practice of law for three years. Moreover, the respondent's legal practice will be monitored by another lawyer for a period of two years following the respondent's reinstatement. We therefore accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation.

## III

It is hereby ordered that Robert Melvin Hohertz be suspended from the practice of law for three months, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that the respondent must comply with C.R.C.P. 241.22(b)–(d) before he may be reinstated. It is also ordered that the respondent demonstrate that there are no medical or psychological bases that actually impair his abilities to fulfill his responsibilities as a lawyer prior to reinstatement. It is further ordered that, upon reinstatement, the respondent comply with the legal and psychiatric monitoring requirements as set forth on pages 11–15 of the stipulation, agreement, and conditional admission of misconduct. Finally, it is ordered that the respondent pay the costs of this proceeding in the amount of $292.92 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seven-

teenth Street, Suite 920–S, Denver, Colorado 80202.