**The PEOPLE of the State of Colorado, Complainant,**

v.

**David Paul BABINSKI, Attorney–Respondent.**

No. 97SA466.

Supreme Court of Colorado,
En Banc.

Feb. 23, 1998.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

David Paul Babinski, Colorado Springs, Pro Se.

PER CURIAM.

This lawyer discipline case comes to us on a stipulation, agreement, and conditional admission of misconduct between the respondent and the complainant, *see* C.R.C.P. 241.18, that has been approved by an inquiry panel of the supreme court grievance committee. The inquiry panel recommended that the respondent be suspended for ninety days from the practice of law, required to undergo reinstatement proceedings, and required to comply with certain additional conditions. We accept the conditional admission and the recommendation.

I.

The respondent was admitted to practice law in Colorado in 1986. The conditional admission, which is based on the formal complaint filed against the respondent, contains two counts. In the first count, the respondent represented a client at a post-dissolution hearing held on May 22, 1996, regarding child support and maintenance, visitation, and parenting time. As a result of the hearing, the respondent volunteered to prepare the written order. The court directed him to prepare the order within ten days of the hearing. He neglected to prepare the order despite the urging of the court and opposing counsel. The order was not made an order of the court until October 25, 1996, following the respondent's submission of a transcript of the May 22 hearing.

Meanwhile, a status conference regarding the respondent's client's proposed move out of Colorado was held on July 15, 1996. At that conference, the court ordered the respondent to submit a stipulation and order in accordance with the conference proceedings no later than July 26, 1996. The respondent has never submitted a written stipulation or proposed order as ordered by the court. As a result of the respondent's neglect, the counsel for the respondent's client's ex-husband, Ed Ryan, billed Ryan $240 for the time directly attributable to his counsel's attempts to have the respondent comply with the court's May 22 and July 15 orders. As part

of the conditional admission, the respondent has agreed to pay Ryan $240 in restitution prior to his reinstatement.

The respondent admitted that his conduct violated Colo. RPC 1.3 (neglecting a legal matter), and Colo. RPC 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal).

In the second count, the respondent represented Martha Annette Rose in her dissolution of marriage proceeding. In the decree dated March 30, 1990, Rose was awarded 37% of the military retirement pay and a portion of the civil service retirement fund due her former spouse, Ray Quirk. At the time, the civil service retirement pay had not been activated because he was still employed in the civil service.

In August 1990, however, Quirk was given the option of resigning or being terminated from his civil service position. He chose to discontinue his employment effective November 1, 1992. He waived his military retirement pay in order to receive an increased civil service annuity. When Quirk's military retirement pay stopped, so did Rose's direct payments from the government under the decree.

After consulting with his client, the respondent filed motions on her behalf, and on February 4, 1994, the court issued an order regarding the reinstatement of payments by the Office of Personnel Management to Rose. Quirk then retained an attorney who moved to vacate the court's order, and a hearing was set for June 3, 1994. At the hearing, the court ordered both counsel to prepare a stipulation of facts, and Quirk's lawyer to submit a brief within twenty days. The respondent was to submit a brief on behalf of his client within fifteen days after Quirk's brief was filed.

Counsel could not agree on a stipulation of facts, and Quirk's lawyer filed a brief on June 22. The respondent did not file a brief in response as the court had ordered, so on September 1, 1994, the opposing lawyer moved for an order citing the respondent's failure. On the same date, the court granted the motion and revoked Rose's military retirement payments. The court also ordered Rose to refund the amounts she had received pursuant to the court's February 4 order. The respondent's attempts to get the court to reconsider were denied.

Rose fired the respondent in August 1995, and then filed a malpractice action against him, which had not been resolved as of the time of the conditional admission. As part of the conditional admission, the respondent agrees to demonstrate, prior to reinstatement, that he has satisfied any judgment against him or has worked out a payment schedule satisfactory to Rose. The respondent has admitted that his conduct in this second matter again violated Colo. RPC 1.3 and Colo. RPC 3.4(c).

II.

The inquiry panel approved the conditional admission and recommended that the respondent be suspended for ninety days, undergo reinstatement proceedings, and satisfy certain additional conditions. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of mitigating or aggravating factors, "[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42.

The respondent has been previously disciplined for similar misconduct, which is an aggravating factor for analyzing the proper level of discipline. *See id.* at 9.22(a). He received a letter of admonition in April 1996 and a private censure in February 1997. In addition, there is a pattern of misconduct, *see id.* at 9.22(c); multiple offenses, *see id.* at 9.22(d); the victims of the respondent's misconduct were vulnerable, *see id.* at 9.22(h); and the respondent has substantial experience in the practice of law, *see id.* at 9.22(i). Mitigating factors include the absence of a

selfish motive, *see id.* at 9.32(b); the presence of personal and emotional problems, *see id.* at 9.32(c); and at least the possibility of other penalties and sanctions being imposed upon the respondent in the form of a malpractice judgment against him, *see id.* at 9.32(k).

Moreover, the conditional admission states that "[b]ecause the respondent is currently diagnosed as suffering with depression and is under psychiatric care, ... the respondent acknowledges and accepts as a condition of reinstatement that he must demonstrate he is mentally and emotionally capable of returning to the practice of law." We have imposed similar discipline in comparable cases. *See, e.g., People v. Hohertz,* 898 P.2d 1068, 1070 (Colo.1995) (neglecting client matters, failing to refund unearned retainer in timely manner, and engaging in conduct involving misrepresentation, warrants three-month with reinstatement proceedings where lawyer was diagnosed with depression and adult attention deficit hyperactivity disorder); *People v. C de Baca,* 862 P.2d 273, 275 (Colo.1993) (neglect of client matter warrants ninety-day suspension with requirement of reinstatement proceedings where lawyer had extensive prior disciplinary history).

We conclude that the recommended discipline is adequate given the additional special conditions the respondent has agreed to satisfy prior to reinstatement. We accept the conditional admission and the inquiry panel's recommendation.

### III.

Accordingly, it is hereby ordered that David Paul Babinski be suspended from the practice of law for ninety days, effective thirty days after the issuance of this opinion. It is further ordered that Babinski must comply with C.R.C.P. 241.22(b)–(d) before he may be reinstated. It is also ordered that the respondent demonstrate, prior to reinstatement and as a condition thereof, that he is mentally and emotionally capable of returning to the practice of law. It is also ordered that, prior to reinstatement and as a condition thereof, the respondent must pay $240 as restitution to Ed Ryan. It is further ordered that, prior to reinstatement and as a condition thereof, the respondent must demonstrate that he has satisfied any malpractice judgment against him or has worked out a payment schedule satisfactory to Martha Annette Rose. Finally, it is ordered that the respondent pay the costs of this proceeding in the amount of $ 81.81 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.