**In the Matter of David Paul BABINSKI**

**No. 98SA457.**

Supreme Court of Colorado,
En Banc.

Jan. 25, 1999.

Linda Donnelly, Attorney Regulation Counsel, Kenneth B. Pennywell, Assistant Attorney Regulation Counsel, Denver, Colorado.

David Paul Babinski, Pro Se Colorado Springs, Colorado.

PER CURIAM.

The parties in this lawyer discipline case entered into a stipulation, agreement, and conditional admission of misconduct pursuant to C.R.C.P. 241.18. In the conditional admission, the respondent, David Paul Babinski, consented to disbarment. An inquiry panel of the supreme court grievance committee approved the conditional admission and recommended that the respondent be disbarred. We accept the conditional admission and the inquiry panel's recommendation.

## I.

David Paul Babinski was licensed to practice law in this state in 1986. The conditional admission details Babinski's misconduct in nine separate client matters. Because the parties have stipulated to the proper disposition of this case, and the facts present no new issues of law, we will not detail the circumstances of Babinski's misconduct.

We do agree that in eight of the matters, Babinski violated Colo. RPC 1.3 (neglecting client matters) and 1.4(a) (failing to communicate appropriately with a client). In four counts he violated Colo. RPC 1.15(b) (failing to promptly deliver funds a client or third party is entitled to and provide an accounting upon request); and 1.16(d) (failing to take reasonable steps to protect a client's interests upon termination of representation). He engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in viola-

tion of Colo. RPC 8.4(c) in one matter; and twice failed to respond to a request from the grievance committee without good cause shown, see C.R.C.P. 241.6(7).

Babinski has consented to disbarment and we agree it is an appropriate sanction under the circumstances. ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) (ABA Standards) provides that, in the absence of mitigating factors, disbarment is appropriate when:

> (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
>
> (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or
>
> (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41; *see, e.g., People v. Holmes,* 951 P.2d 477, 480 (Colo.1998). The assistant disciplinary counsel indicates that Babinski has been suffering from personal or emotional problems, and he has cooperated in these proceedings, both of which are mitigating factors. See ABA Standards 9.32(c), (e).

On the other hand, we note that Babinski has been disciplined before, which is an aggravating factor. See id. at 9.22(a). He received a letter of admonition in April 1996 and a private censure in February 1997. More seriously, he was suspended on February 23, 1998 for neglecting client matters and failing to obey court orders. See *People v. Babinski,* 951 P.2d 1240, 1241–42 (Colo.1998). One of the conditions for reinstatement from the ninety-day suspension was that "the respondent demonstrate, prior to reinstatement and as a condition thereof, that he is mentally and emotionally capable of returning to the practice of law." *Id.* at 1242. *Babinski* has agreed to the same condition before he may be readmitted to practice law. He has also agreed to satisfy certain conditions of restitution before readmission. We accept the conditional admission of misconduct and the inquiry panel's recommendation and order that the respondent be disbarred.

## II.

Accordingly, it is hereby ordered that David Paul Babinski be disbarred, effective immediately upon the issuance of this opinion. It is also ordered that Babinski demonstrate, prior to readmission and as a condition thereof, that he is mentally and emotionally capable of returning to the practice of law. It is also ordered that, prior to readmission and as a condition thereof, Babinski must provide, to the parties' satisfaction, a complete accounting and refund to the following parties: Glenn Davis, Wendell Coleman, Robert C. Erickson, Patricia Leonguerrero, and Kerry Appenzeller.

Finally, it is ordered that Babinski pay the costs of this proceeding in the amount of $54.50 within thirty days after the announcement of this opinion to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, Denver, Colorado 80202–5432.